UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKEY JEROME COX, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-00417-TWP-MJD |
| WESTERN EXSPRESS, | ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* [dkt. 2] and for initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted.** For the reasons explained below, however, the complaint must be dismissed and the plaintiff is given the opportunity to amend.

**I. Dismissal of Complaint**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff Rickey Jerome Cox, Jr. alleges that he was terminated by Western Express after being falsely accused of an accident. Mr. Cox states that he was discriminated against and filed a report with the EEOC. He seeks the right to sue. Apparently, Mr. Cox's complaint is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

The allegations contained in the complaint are insufficient to state a claim under Title VII. That statute prohibits employers from discharging or discriminating against any individual because of such individual's race, color, religion, sex, or national origin. Mr. Cox's complaint lacks any plausible bases to conclude that he was discriminated against or terminated because of his membership in a protected class. Specifically, Mr. Cox's claim that he was wrongly terminated for being involved in an accident is not activity protected by Title VII. A "complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class.... Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (*citing Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir.1997)).

As submitted, the complaint fails to state a claim upon which relief can be granted and is must be **dismissed**.

The dismissal of the complaint will not in this instance lead to the dismissal of the case. Instead, Mr. Cox shall have **through April 14, 2015,** in which **to file an amended complaint.**

In filing an amended complaint, a plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* which provides that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what person or company is responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed **by April 14, 2015**, this action will be dismissed for failure to state a claim upon which relief may be granted.

Date: 3/24/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICKEY JEROME COX, JR.
3120 Bancroft St.
Indianapolis, IN 46218